IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03011-SKC

CRAIG COMMUNAL, a Colorado resident,

    Plaintiff(s),

v.

CITY OF WESTMINSTER, a Colorado municipality

    Defendant(s).

_____

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**
_____

Defendant City of Westminster, by and through undersigned counsel, Josh A. Marks of Berg Hill Greenleaf Ruscitti LLP, hereby submits the following Answer in response to Plaintiff's Complaint ("Complaint"):

## SUMMARY OF THE ACTION

With regard to the Summary of the Action section ("Summary") of plaintiff's Complaint and Jury Demand, Defendant states that the paragraphs contained in this section are, in effect, a duplicative narrative of the facts more specifically alleged elsewhere in the Complaint. Defendant incorporates its responses to the specific factual allegations below in response to the Summary. To the extent a response to the Summary is required, Defendant denies the allegations of same.

**PARTIES**

1. With regard to the allegations contained in paragraph 1 of plaintiff's Complaint, Defendant admits that Mr. Communal worked full-time as a Police Officer for the Westminster Police Department as a full-time employee from March 2004 to September 24, 2018, but Defendant is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 1 of plaintiff's Complaint and therefore denies the same.

2. Defendant admits the allegations contained in paragraph 2 of plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of plaintiff's Complaint.

4. With regard to the allegations contained in paragraph 4 of plaintiff's Complaint, Defendant admits that Mr. Communal was discharged by Westminster on September 19, 2018 and July 3, 2019 is less than 300 calendar days after his discriminatory discharge on September 19, 2018, but Defendant is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 4 of plaintiff's Complaint and therefore denies the same.

5. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 5 of plaintiff's Complaint, and therefore denies the same.

6. With regard to the allegations contained in paragraph 6 of plaintiff's Complaint, Defendant admits that venue is proper.

**FACTUAL ALLEGATIONS**

7.  Defendant incorporates the allegations contained in paragraphs 1 – 6 above in response to paragraph 7 of plaintiff's Complaint.

8.  With regard to the allegations contained in paragraph 8 of plaintiff's Complaint, Defendant admits that Mr. Communal began working as a police officer for the Westminster Police Department in March 2004 and was awarded the honors detailed in this paragraph, but Defendant is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 8 of plaintiff's Complaint and therefore denies the same.

9.  With regard to the allegations contained in paragraph 9 of plaintiff's Complaint, Defendant admits that Mr. Communal worked as a traffic police officer, but Defendant is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 9 of plaintiff's Complaint and therefore denies the same.

10. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 10 of plaintiff's Complaint, and therefore denies the same.

11. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 11 of plaintiff's Complaint, and therefore denies the same.

12. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 12 of plaintiff's Complaint, and therefore denies the same.

13. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 13 of plaintiff's Complaint, and therefore denies the same.

14. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 14 of plaintiff's Complaint, and therefore denies the same.

15. With regard to the allegations contained in paragraph 15 of plaintiff's Complaint, Defendant admits that Mr. Communal spoke to his direct supervisor, Sergeant Martinez, about his diagnosis, but Defendant either denies or is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 15 of plaintiff's Complaint and therefore denies the same.

16. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 16 of plaintiff's Complaint, and therefore denies the same.

17. With regard to the allegations contained in paragraph 17 of plaintiff's Complaint, Defendant admits that Mr. Communal notified the Human Resources Division of Westminster of the CML diagnosis, but Defendant is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 17 of plaintiff's Complaint and therefore denies the same.

18. With regard to the allegations contained in paragraph 18 of plaintiff's Complaint, Defendant admits that Mr. Communal was called into a meeting with Sergeant Martinez and Sergeant Paquet, but Defendant is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 18 of plaintiff's Complaint and therefore denies the same.

19. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 19 of plaintiff's Complaint, and therefore denies the same.

20. With regard to the allegations contained in paragraph 20 of plaintiff's Complaint, Defendant admits that Mr. Communal was told he was being placed on restricted duty at the meeting, but Defendant is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 20 of plaintiff's Complaint and therefore denies the same.

21. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 21 of plaintiff's Complaint, and therefore denies the same.

22. With regard to the allegations contained in paragraph 22 of plaintiff's Complaint, Defendant admits that vehicle GPS data was shared with him, but Defendant either denies or is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 22 of plaintiff's Complaint and therefore denies the same.

23. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 23 of plaintiff's Complaint, and therefore denies the same.

24. With regard to the allegations contained in paragraph 24 of plaintiff's Complaint, Defendant admits that it investigated plaintiff's on-duty movements and admit it found policy violations by plaintiff, but Defendant is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 24 of plaintiff's Complaint and therefore denies the same.

25. Defendant denies the allegations contained in paragraph 25 of plaintiff's Complaint.

26. Defendant denies the allegations contained in paragraph 26 of plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph 27 of plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of plaintiff's Complaint.

29. Defendant admits the allegations contained in paragraph 29 of plaintiff's Complaint.

30. With regard to the allegations contained in paragraph 30 of plaintiff's Complaint, Defendant states that the March 10, 2010 disciplinary letter speaks for itself, and Defendant denies the remainder of the allegations of paragraph 30 of plaintiff's Complaint to the extent they do not accurately describe the disciplinary letter.

31. With regard to the allegations contained in paragraph 31 of plaintiff's Complaint, Defendant admits that the Chief disciplined Mr. Communal, including suspending him for three days without pay, removing him from the Traffic Section, requiring him to pay Westminster for forty-nine hours of leave, and removing him from his position as a S.W.A.T. team negotiator, but Defendant either denies or is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 31 of plaintiff's Complaint and therefore denies the same.

32. Defendant denies the allegations contained in paragraph 32 of plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of plaintiff's Complaint.

34. Defendant denies the allegations contained in paragraph 34 of plaintiff's Complaint.

35. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 35 of plaintiff's Complaint, and therefore denies the same.

36. With regard to the allegations contained in paragraph 36 of plaintiff's Complaint, Defendant either denies or is without sufficient information and knowledge to form a belief regarding the truth of the allegations contained in paragraph 36 of plaintiff's Complaint and therefore denies the same.

37. With regard to the allegations contained in paragraph 37 of plaintiff's Complaint, Defendant states that the IME report speaks for itself, and Defendant denies the remainder of the allegations of paragraph 37 of plaintiff's Complaint to the extent they do not accurately describe the IME report.

38. Defendant denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39. Defendant denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40. The allegations contained in paragraph 40 of plaintiff's Complaint are unintelligible, to which no response from Defendant is required or provided. To the extent a response to paragraph 40 of plaintiff's Complaint is required, Defendant denies the allegations of same.

41. Defendant admits that plaintiff sustained a left shoulder rotator cuff tear for an on-duty incident, but it is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 41 of plaintiff's Complaint, and therefore denies the same.

42. With regard to the allegations contained in paragraph 42 of plaintiff's Complaint, Defendant admits that Mr. Communal filed for worker's compensation benefits, but Defendant states that the worker's compensation documents speak for themselves, and Defendant denies the remainder of the allegations of paragraph 42 of plaintiff's Complaint to the extent they do not accurately describe the worker's compensation documents.

43. Defendant either denies or is without sufficient information or knowledge to admit or deny the allegations of paragraph 43 of plaintiff's Complaint, and therefore denies the same.

44. Defendant admits the allegations contained in paragraph 44 of plaintiff's Complaint.

45. With regard to the allegations contained in paragraph 45 of plaintiff's Complaint, Defendant either denies or is without sufficient information and knowledge to

form a belief regarding the truth of the allegations contained in paragraph 45 of plaintiff's Complaint and therefore denies the same.

46.     With regard to the allegations contained in paragraph 46 of plaintiff's Complaint, Defendant either denies or is without sufficient information and knowledge to form a belief regarding the truth of the allegations contained in paragraph 46 of plaintiff's Complaint and therefore denies the same.

47.     With regard to the allegations contained in paragraph 47 of plaintiff's Complaint, Defendant states that the Internal Affairs investigation documents provide the best source of the incidents investigated by the police department, and such documents speak for themselves. Defendant denies the allegations of paragraph 47 of plaintiff's Complaint to the extent they do not accurately describe the Internal Affairs investigation documents. Defendant denies any suggestion that the investigation or its conclusions were improper.

48.     Defendant admits the allegations contained in paragraph 48 of plaintiff's Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of plaintiff's Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
**(Violation of the ADA, 42 U.S.C.A. §§ 12101, *et seq*.)**

51.     Defendant incorporates the allegations contained in paragraphs 1 – 50 above in response to paragraph 51 of plaintiff's Complaint.

52. With regard to the allegations contained in paragraph 52 of plaintiff's Complaint, Defendant either denies or is without sufficient information and knowledge to form a belief regarding the truth of the allegations contained in paragraph 52 of plaintiff's Complaint and therefore denies the same.

53. With regard to the allegations contained in paragraph 53 of plaintiff's Complaint, Defendant either denies or is without sufficient information and knowledge to form a belief regarding the truth of the allegations contained in paragraph 53 of plaintiff's Complaint and therefore denies the same.

54. With regard to the allegations contained in paragraph 54 of plaintiff's Complaint, Defendant either denies or is without sufficient information and knowledge to form a belief regarding the truth of the allegations contained in paragraph 54 of plaintiff's Complaint and therefore denies the same.

55. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 55 of plaintiff's Complaint, and therefore denies the same.

56. With regard to the allegations contained in paragraph 56 of plaintiff's Complaint, Defendant admits that Mr. Communal has not required or sought a reasonable accommodation, but Defendant denies the remaining allegations contained in paragraph 56 of plaintiff's Complaint.

57. Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 57 of plaintiff's Complaint, and therefore denies the same.

58. With regard to the allegations contained in paragraph 58 of plaintiff's Complaint, Defendant admits that Westminster is an employer under the ADA, but Defendant is without sufficient information and knowledge to form a belief regarding the truth of the remaining allegations contained in paragraph 58 of plaintiff's Complaint and therefore denies the same.

59. Paragraph 59 of the plaintiff's Complaint consists of legal conclusions to which no response from Defendant is required or provided. To any extent paragraph 59 is construed as requiring a response, however, Defendant denies the same.

60. Paragraph 60 of the plaintiff's Complaint consists of a legal conclusion to which no response from Defendant is required or provided. To any extent paragraph 60 is construed as requiring a response, however, Defendant denies the same.

60a-c. Defendant denies the allegations contained in paragraph 60a-c of plaintiff's Complaint.

61. Defendant denies the allegations contained in paragraph 61 of plaintiff's Complaint.

62. Defendant denies the allegations contained in paragraph 62 of plaintiff's Complaint.

63. Defendant denies the allegations contained in paragraph 63 of plaintiff's Complaint.

**GENERAL DENIAL**

Defendant denies any allegation that is not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant is barred by his own failure to request an accommodation.

3. Plaintiff's injuries may result from his own actions and/or the actions of third parties.

4. To the extent Plaintiff alleges discrimination beyond his termination, his claims are barred by his failure to pursue administrative remedies and/or the applicable statute of limitations.

5. Plaintiff may be estopped or precluded from asserting claims under the ADA.

6. To the extent Plaintiff claims continuing damages, he should be reduced by his failure to mitigate them.

7. Plaintiff is not entitled to all of the relief requested by him.

8. Defendant reserves the right to assert additional affirmative defenses as they become known through disclosure and discovery.

## **JURY DEMAND**

Defendant City of Westminster requests a trial to a jury on all issues so triable.

Respectfully submitted this 13th day of December, 2019.

                    BERG HILL GREENLEAF RUSCITTI LLP

                    *s/ Josh A. Marks*
                    _____
                    Josh A. Marks
                    1712 Pearl Street
                    Boulder, CO  80302
                    Phone:  (303) 402-1600
                    Fax:  (303) 402-1601
                    Email:  jam@bhgrlaw.com

                    *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of December, 2019, I electronically filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

Richard P. Barkley
Jeanine M. Anderson
Tina X. Xu
Anderson Barkley, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO  80210
RichardBarkleylaw@comcast.net
Jeanine@AndersonBarkleyLaw.com
Tina@AndersonBarkleyLaw.com


*s/ Cheryl Stasiak*
_____
Cheryl Stasiak